THE WINEBRAKE LAW FIRM, LLC
R. Andrew Santillo, Esq. (NJ ID #025512004)
Peter D. Winebrake, Esq. (pro hac vice application-to be filed)
Twining Office Center, Suite 114
715 Twining Road
Dresher, PA 19025
Tel: (215) 884-2491
Fax: (215) 884-2492
Email: asantillo@winebrakelaw.com

Russell D. Henkin, Esq. (pro hac vice application-to be filed)
Shanon J. Carson, Esq. (pro hac vice application-to be filed)
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA  19103
Tel: (215) 875-4656
Fax: (215) 875-4604
Email: scarson@bm.net

Todd M. Schneider (pro hac vice application-to be filed)
Carolyn H. Cottrell (pro hac vice application-to be filed)
SCHNEIDER WALLACE
COTTRELL BRAYTON KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, California 94104
Tel: (415) 421-7100
Fax: (415) 421-7105
TTY: (415) 421-1665
Email: ccottrell@schneiderwallace.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| | : | |
| MICHAEL COLUCCIO, individually and on behalf of all similarly situated employees, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. _____ |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| U.S. REMODELERS, INC., | : | **(Document Filed Electronically)** |
| | : | |
| Defendant. | : | |

1

## CLASS/COLLECTIVE ACTION COMPLAINT

Plaintiff Michael Coluccio ("Plaintiff"), individually and on behalf of all similarly situated employees, brings this class/collective action lawsuit against Defendant U.S. Remodelers, Inc. ("Defendant"), seeking to recover for Defendant's violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* (the "FLSA"), and the New Jersey Wage and Hour Law, N.J.S.A. §§ 34:11-56a, *et seq.*, (the "NJWHL"). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §1331 and over Plaintiff's NJWHL claim pursuant to 28 U.S.C. § 1367.

2.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

3.      Plaintiff is an individual residing at 18 Plumtree Road, Levittown, Pennsylvania 19056.

4.      Plaintiff was directly employed by Defendant at its facility in Pennsauken, New Jersey and was engaged in commerce or in an occupation directly related to producing, working on, manufacturing, handling, or transporting goods in commerce.

5.      Defendant is a corporate entity headquartered at 750 State Highway 121, Suite 170, Lewisville, Texas 75067, which does business in New Jersey at its facility in Pennsauken, New Jersey, where Plaintiff is employed.

6.      Defendant is an establishment engaged in related activities performed through a unified operation or common control for a common business purpose.

7.      Defendant employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person.

8.      Defendant's annual gross volume of sales made or business done exceeds $500,000.

## FACTS

9.      Defendant U.S. Remodelers, Inc. is a subsidiary of U.S. Home Systems, Inc., (NASDAQ: USHS), which is the single largest seller of kitchen cabinet refacing in the United States.  Part of Defendant's business includes installing kitchen cabinets which are purchased at big box retailers such as Home Depot.

10.      During the time period relevant to this action, Defendant has employed dozens if not hundreds of individuals who perform manual labor associated with Defendant's kitchen cabinet refacing business.  These individuals are engaged in interstate commerce and are referred to herein as "the Workers."  Plaintiff has been employed by Defendant as a Worker since August 4, 2008.

11.      Plaintiff and the Workers are paid a fixed hourly wage.

12.      Plaintiff and the Workers frequently work over forty hours per workweek.

13.      On those occasions when Plaintiff and the Workers work over forty hours per workweek, Defendant, pursuant to its standard business practices, does not pay Plaintiff and the Workers overtime pay calculated at one-and-one-half their regular rate of pay, and in fact, fails

to pay Plaintiff and the Workers any compensation for time worked over 40 hours in a

workweek.

14.     Defendant's failure to provide Plaintiff and the Workers time-and-one-half

overtime pay is undertaken willfully and with reckless disregard of clearly applicable FLSA and

NJWHL principles.

## FLSA COLLECTIVE ACTION ALLEGATIONS

15.     Plaintiff brings his FLSA claim as a collective action pursuant to 29 U.S.C. §

216(b) on behalf of all individuals who were employed by Defendant as installers in the United

States, with the exception of California, since February 24, 2006 (the "FLSA Class").[1]

16.     Plaintiff brings this case as a collective action under the FLSA to recover unpaid

overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties,

attorneys' fees and costs, and damages owed to Plaintiff and all similarly situated employees of

Defendant.

17.     Plaintiff estimates that there are dozens if not hundreds of members of the FLSA

Class who have been affected by Defendant's improper overtime policies and practices.  The

precise number of FLSA Class Members can be easily identified and located using Defendant's

payroll and personnel records.  Given the composition and size of the class, potential opt-in class

members may be informed of the pendency of this Collective Action by direct mail.

18.     This action is properly maintained as a collective action because Plaintiff is

similarly situated to the collective action members he seeks to represent.  Plaintiff and similarly

situated employees were subject to the same uniform job description, policies, standards, and

operational procedures.  Further, Defendant's willful policy or practice, whereby it has failed to

---

[1] This class does not include those individuals classified by Defendant as independent contractors.

pay its installers overtime compensation for all hours worked over forty (40) hours in a week, has affected Plaintiff and similarly situated employees in the same fashion.

19.     Plaintiff requests the Court to authorize notice to the FLSA Class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation and liquidated damages under the FLSA.

## NEW JERSEY CLASS ALLEGATIONS

20.     Plaintiff brings his NJWHL claim as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all individuals who were employed by Defendant as installers in the State of New Jersey since February 24, 2007 (the "New Jersey Class").[2]

21.     Plaintiff and the New Jersey Class Members were subjected to the common business practices described above, and the success of their claims depends on the resolution of common issues of law and fact, including, *inter alia*, whether Defendant implemented a policy or practice of failing to pay the time-and-one-half overtime premium to the New Jersey Class Members for the hours they worked over 40 in a workweek.

22.     Upon information and belief, the New Jersey Class includes dozens if not hundreds of persons (all of whom are readily ascertainable based on Defendant's standard business records) and is so numerous that joinder of all class members is impracticable.

23.     Plaintiff is a member of the New Jersey Class, and his claims are typical of the claims of the New Jersey Class.  Plaintiff has no interests that are antagonistic to or in conflict with the interests of the New Jersey Class.

---

[2] This class does not include those individuals classified by Defendant as independent contractors.

24.     Plaintiff will fairly and adequately represent the New Jersey Class and the

interests of all New Jersey Class Members, and he has retained competent and experienced

counsel who will effectively represent the interests of the New Jersey Class.

25.     Questions of law and fact are common to members of the New Jersey Class.

26.     Class certification is appropriate pursuant to Federal Rule of Civil Procedure

23(b)(1) because the prosecution of separate actions by individual New Jersey Class Members

would create a risk of inconsistent or varying adjudications which would establish incompatible

standards of conduct for Defendant and/or because adjudications with respect to individual Class

Members would as a practical matter be dispositive of the interests of non-party Class Members.

27.     Class certification is appropriate pursuant to Federal Rule of Civil Procedure

23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the New

Jersey Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and

the New Jersey Class as a whole.  The New Jersey Class Members are entitled to injunctive relief

to end Defendant's common and uniform practices of failing to pay Class Members the legally

mandated overtime premium.

28.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3)

because common questions of law and fact predominate over any questions affecting only

individual New Jersey Class Members, and because a class action is superior to other available

methods for the fair and efficient adjudication of this litigation.  The damages suffered by

individual New Jersey Class Members are small compared to the expense and burden of

individual prosecution of this litigation.  In addition, class certification is superior because it will

obviate the need for unduly duplicative litigation, which might result in inconsistent judgments about Defendant's practices.

29.     Plaintiff knows of no difficulties that will impede the efficient management of this litigation or preclude its maintenance as a class action.

## COUNT I

### (Alleging FLSA Violations on Behalf of Plaintiff and the FLSA Class)

30.     All previous paragraphs are incorporated as though fully set forth herein.

31.     Defendant is an employer covered by the overtime pay mandates of the FLSA, and Plaintiff and the FLSA Class Members are current and former employees entitled to the FLSA's protections.

32.     The FLSA requires that employees who work over 40 hours in a workweek receive overtime compensation "not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

33.     Defendant violated the FLSA by failing to pay Plaintiff and the FLSA Class Members the legally mandated hourly overtime premium for hours worked over 40 in a workweek.

34.     In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT II

### (Alleging NJWHL Violations on Behalf of Plaintiff and the New Jersey Class)

35.     All previous paragraphs are incorporated as though fully set forth herein.

7

36.     Defendant is an employer covered by the overtime pay mandates of the NJWHL, and Plaintiff and the New Jersey Class Members are current and former employees entitled to the NJWHL's protections.

37.     The NJWHL provides that employees who work over 40 hours in a workweek shall receive "1 ½ times such employee's regular hourly wage for each hour of working time in excess of 40 hours in any week."  N.J.S.A. § 34:11-56a4.

38.     Defendant violated the NJWHL by failing to pay Plaintiff and the New Jersey Class Members the legally mandated hourly overtime premium for hours worked over 40 in a workweek.

39.     In violating the NJWHL, Defendant acted willfully and with reckless disregard of clearly applicable NJWHL provisions.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the FLSA Class and New Jersey Class, seeks the following relief:

A.     An injunction prohibiting Defendant from engaging in future overtime pay violations;

B.     Lost overtime wages to the fullest extent permitted under the law;

C.     Liquidated damages and monetary penalties to the fullest extent permitted under the law;

D.     Litigation costs, expenses, and attorney's fees to the fullest extent permitted under the law; and

E.     Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial as to all claims so triable.


Date:  February 24, 2009

s/ R. Andrew Santillo
R. Andrew Santillo, Esq. (NJ ID #025512004)
Peter D. Winebrake, Esq. (pro hac vice application-to be filed)
THE WINEBRAKE LAW FIRM, LLC
Twining Office Center, Suite 114
715 Twining Road
Dresher, PA 19025
Tel: (215) 884-2491
Fax: (215) 884-2492
Email: asantillo@winebrakelaw.com

Russell D. Henkin, Esq. (pro hac vice application-to be filed)
Shanon J. Carson, Esq. (pro hac vice application-to be filed)
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA  19103
Tel: (215) 875-4656
Fax: (215) 875-4604
Email: scarson@bm.net

Todd M. Schneider (pro hac vice application-to be filed)
Carolyn H. Cottrell (pro hac vice application-to be filed)
SCHNEIDER WALLACE
COTTRELL BRAYTON KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, California 94104
Tel: (415) 421-7100
Fax: (415) 421-7105
TTY: (415) 421-1665
Email: ccottrell@schneiderwallace.com

*Attorneys for Plaintiff*